IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

DONNA BROWN                                                                                      PLAINTIFF

v.                                                                        CAUSE NO: 4:22-CV-187-SA-DAS

NEELKANTH HOSPITALITY, LLC
d/b/a/ DAYS INN                                                                                  DEFENDANT

ORDER AND MEMORANDUM OPINION

On December 8, 2022, Donna Brown initiated this civil action by filing her Complaint [1] against Neelkanth Hospitality, LLC d/b/a Days Inn. Now before the Court is Neelkanth's Motion for Summary Judgment [27] and Motion to Strike [33]. Having reviewed the parties' filings and the applicable authorities, the Court is prepared to rule.

*Factual Background*

Donna Brown began working as a manager at Days Inn in Greenville, Mississippi in August 2014. At that time, Jignesh Patel was the owner of Days Inn. Brown was a salaried employee and because of this, Brown contends Jignesh instructed her not to clock in and out for work. According to Brown, Jignesh also informed her that she was considered an exempt employee and that she did not qualify for overtime when she worked over 40 hours in a week.

On October 19, 2019, Neelkanth purchased Days Inn from Jignesh Patel. Kashyap Patel is the owner of Neelkanth. Although ownership changed, Kashyap kept Brown as the Days Inn manager. Like Jignesh had done previously, Kashyap instructed Brown not to clock in and out for her shifts because she was salaried employee. According to Brown, she worked 7:00 AM until 3:00 PM Monday through Saturday. Brown contends that her position required her to be available at all times of the day and night and that she was required to work empty shifts that Kashyap did not want to work. She alleges that she often began working prior to 7:00 AM to assist with

breakfast and that she would work past 3:00 PM to complete paperwork, train employees, or fill in for an unattended shift. Brown alleges she worked an average of 60 hours per week—sometimes working even 70 hours per week.

Brown contends that in March 2020 she learned that her salary was not high enough to be considered exempt from overtime when she worked more than 40 hours during a workweek. Sometime in April 2020, she spoke with Kashyap about the overtime issue. Brown contends that Kashyap informed her that she would need to speak to Harry Jimwala about the issue.[1] Jimwala was in India at the time and Brown contends that Kashyap refused to give her Jimwala's contact information. Brown spoke with Kashyap about the overtime issue again in October 2022. Brown contends that Kashyap again failed to address the issue and refused to give her Jimwala's contact information.

On November 2, 2022, Brown was terminated from Days Inn. She alleges her termination was a result of refusing to work a shift outside of her regular schedule. As indicated above, Brown initiated this action on December 8, 2022. In her Complaint [1], Brown contends that Neelkanth violated the Fair Labor Standards Act for refusing to pay her overtime. Neelkanth now seeks dismissal of Brown's claim.

*Analysis and Discussion*

As noted above, Neelkanth has filed a Motion to Strike [33] and a Motion for Summary Judgement [27] seeking dismissal of Brown's FLSA claim. The Court will address each motion in turn.

---

[1] According to Brown's affidavit, Jimwala is a co-owner of Neelkanth and is involved in the business aspects of Days Inn.

I. *Neelkanth's Motion to Strike [33]*

In its Motion to Strike [33], Neelkanth seeks to strike Brown's affidavit attached to her Response [31] to the Motion for Summary Judgment [27], in addition to other portions of the Response [31]. For context, the Court notes that a significant portion of Brown's affidavit consists of allegations that the records, including timesheets, produced by Neelkanth during discovery (and which it attached to its Motion for Summary Judgment [27]) are not accurate.

Neelkanth makes several arguments as to why Brown's affidavit and portions of her Response [31] should be stricken. First, Neelkanth argues that Brown's affidavit and portions of her Response [31] contain information that was not disclosed in discovery. Specifically, Neelkanth contends that Brown's affidavit contains information that she refused to provide. Neelkanth alleges that Brown refused to respond to its written discovery requests, which were sent to Brown on November 3, 2023. Next, Neelkanth contends that Brown's affidavit contains inadmissible hearsay. Neelkanth finally alleges that pursuant to Rule 1002 of Federal Rules of Civil Procedure, Neelkanth's records are the best evidence of Brown's earnings and the time she worked at Days Inn. Additionally, in its Reply [36], Neelkanth argues that even though it sent written discovery on the last day of the discovery period, there would have been no prejudice to Brown to respond because, at that time, the trial was still seven months away.

In response, Brown concedes that the information provided in her affidavit was not disclosed to Neelkanth. However, Brown argues that Neelkanth's discovery request was untimely. Brown contends that the parties had a discovery deadline of November 3, 2023. However, Neelkanth did not send discovery until November 3, 2023 at 11:35 PM. Accordingly, Brown's counsel responded the next day via email that the discovery was untimely because discovery was to be *completed* by November 3, 2023 and because of the untimeliness Brown would not be responding.

3

To support this contention, Brown relies on the District Court for the Southern District of Mississippi's holding in *Smith v. Principal Cas. Ins. Co.*, 131 F.R.D. 104 (S.D. Miss. 1990). There, the court held that written discovery must be served at least 30 days *prior* to the discovery deadline. *Smith*, 131 F.R.D. at 105.

Here, the Court's Case Management Order [14] established that discovery was *due by* November 3, 2023. Therefore, it would have been impossible for the parties to complete discovery if the Defendant sent out discovery on its scheduled due date. Importantly, other courts in this circuit have held that the discovery deadline date is the date that discovery should be completed and not started. *See Borninski v. Tex. Instruments, Inc.*, 32 F. Supp. 2d 918, 919 (N.D. Tex. 1998) ("Deadline set out in the scheduling order was for the completion, not the initiation, of discovery.").

Furthermore, although Neelkanth contends that Brown's affidavit should be stricken because it contains hearsay and because the time records are the best evidence, Neelkanth does not provide any authority to support those contentions. In its Reply [36], Neelkanth argues that Brown would have suffered no prejudice if she would have responded to the written discovery given that, as of November 3, 2023, the trial was still seven months away. However, that argument misses the mark. The Court set a discovery deadline, and it appears evident that Neelkanth did not comply with it. The Fifth Circuit has held that "district courts have broad discretion in enforcing the deadlines in their scheduling orders." *Prest v. BP Expl. & Prod., Inc.*, 2023 WL 6518116, at *4 (5th Cir. Oct. 5, 2023) (citing *Batiste v. Lewis*, 976 F.3d 493, 500 (5th Cir. 2020)). Neelkanth cannot seek to strike evidence that it failed to timely seek to obtain. The Motion to Strike [33] is DENIED. The Court will consider the affidavit in ruling on the Motion for Summary Judgment [27].

II. *Neelkanth's Motion for Summary Judgment [27]*

As noted above, Neelkanth seeks dismissal of Brown's FLSA claim for unpaid overtime wages.

Summary judgment is warranted when the evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Nabors v. Malone*, 2019 WL 2617240, at *1 (N.D. Miss. June 26, 2019) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

"The moving party 'bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact.'" *Id*. (quoting *Celotex*, 477 U.S. at 323, 106 S. Ct 2548). "The nonmoving party must then 'go beyond the pleadings' and 'designate specific facts showing that there is a genuine issue for trial.'" *Id*. (quoting *Celotex*, 477 U.S. at 324, 106 S. Ct 2548). Importantly, "the inferences to be drawn from the underlying facts contained in the affidavits, depositions, and exhibits of record must be viewed in the light most favorable to the party opposing the motion." *Waste Mgmt of La., LLC v. River Birch, Inc.*, 920 F.3d 958, 964 (5th Cir. 2019) (quoting *Reingold v. Swiftships, Inc.*, 126 F.3d 645, 646 (5th Cir. 1997)). However, "[c]onclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial." *Nabors*, 2019 WL 2617240 at *1 (citing *TIG Ins. Co. v. Sedgewick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002)) (additional citations omitted).

"The FLSA provides that 'no employer shall employ any of his employees… for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.'" *Johnson v. Heckmann Water Res. (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014) (quoting 29 U.S.C. § 207 (a)(1)). "An employee bringing an action for unpaid overtime compensation must first demonstrate by a preponderance of the evidence: (1) that there existed an employer-employee relationship during the unpaid overtime periods claimed; (2) that the employee engaged in activities within the coverage of FLSA; (3) that the employer violated the FLSA's overtime wage requirements; and (4) the amount of overtime compensation due." *Johnson*, 758 F.3d at 630 (citations omitted).

The employee bears the burden of proving that she was not properly compensated. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687, 66 S. Ct. 1187, 90 L. Ed. 1515 (1946). "When the employer's time records are 'inaccurate or inadequate,' the plaintiff can meet the initial burden by 'produc[ing] sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.'" *Cargill v. Miss. Valley Title Ins. Co.*, 2014 WL 1464562, at *2 (S.D. Miss. Apr. 15, 2014) (quoting *Anderson*, 328 U.S. at 687, 66 S. Ct 1187). "Once the employee establishes a prima facie case, the burden then shifts to the employer to 'come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence.'" *Johnson*, 758 F.3d at 630 (quoting *Harvill v. Westward Commc'ns, LLC.*, 433 F.3d 428, 441 (5th Cir. 2005).

The parties agree that Brown has met the first two elements of her FLSA claim. However, Neelkanth argues that Brown's claim fails on the third element—that the employer violated the FLSA's overtime wage requirement. Particularly, Neelkanth argues that Brown "cannot

6

demonstrate that she worked any overtime for which she was owed overtime pay under the FLSA." [28] at p. 3. Simply put, Neelkanth contends that Brown's claim fails because she never worked over 40 hours during her employment.[2]

To support its contention that Brown did not work over 40 hours in any week during her employment, Neelkanth provides copies of its time reports, Brown's work schedule, and its payroll records. Neelkanth alleges that these documents show that Brown never worked and was not scheduled for more than 40 hours in a week and sometimes she worked less than 40 hours.

Conversely, Brown contends that Neelkanth's records are inaccurate. She alleges that the records reflect her working only 40 hours per week because she was not responsible for inputting her own hours. In her affidavit, Brown testified that she was required to start her shift earlier, end her shift later, and fill in for empty shifts that Kashyap refused to work. She testified that she worked an average of 60 hours per week. She further testified that her managerial position required her to be available at all times of the day and there were times when she had to work in the middle of the night. According to Brown, even after she informed Kashyap that her salary was not high enough to be considered an exempt employee, she still was still treated as an exempt employee and not compensated for overtime.

In a similar case, the District Court for the Southern District of Mississippi denied summary judgment as to the plaintiff's FLSA claim because there was a question of fact about the accuracy of the time sheets. *Cargill v. Miss. Valley Title Ins. Co.*, 2014 WL 1464562 (S.D. Miss. Apr. 15, 2014). There, Barbara Cargill was an employee at Mississippi Valley Title Insurance Company ("Valley") from December 1975 to September 1979 and again from March 1992 to October 2012. *Id.* at *1. Prior to August 1, 2011, Cargill was an exempt employee and not eligible for overtime

---

[2] Although Brown began her stint of employment as a salaried employee, Neelkanth does not dispute that her salary was not high enough to be exempt from overtime.

7

pay. *Id.* at *2. From August 1, 2011 until October 31, 2012, Cargill was a nonexempt employee and was entitled to overtime pay for that period. *Id.* Cargill alleged that she worked 10 hours of overtime per week and that Valley never compensated her for those hours. *Id.* Although Cargill contended that she worked overtime, she admitted that she recorded only 40 hours per week on her timesheet because she knew she would not get paid for the overtime hours. *Id.* Cargill further alleged "that it was common knowledge among Valley employees—including management—that she regularly worked overtime." *Id.* Cargill filed a lawsuit against Valley seeking compensation for unpaid overtime under the FLSA. *Id.*

The district court held that Cargill had "[p]resented sufficient information to create a question of fact as to the accuracy of her timesheets [,] whether Defendant knew or should have known that she allegedly worked overtime [,] and whether she ha[d] demonstrated the amount of overtime as a matter of just and reasonable inference." *Id.* At *3. The court relied on several pieces of evidence such as Cargill's records showing that she worked 40 hours per week to the minute without any deviation, her key card access records showing entries and exits from the workplace at different times than shown on her timesheets, and other employees knowing she regularly worked overtime. *Id.* Taking all this into account, the district court found that Cargill alleged sufficient evidence to survive summary judgment under the reasonable inference standard. *Id.*

Here, Brown has provided sworn testimony that she informed Kashyap in March 2020 that she was not considered an exempt employee and could receive overtime compensation. Brown also testified that she regularly had to come in earlier, stay later for her shifts, and work extra shifts that Kashyap refused to work, meaning that Kashyap was aware that Brown would work past her scheduled work time. Yet, Brown was indisputably never compensated for overtime. Brown also provided testimony that she was originally instructed not to clock in or out because of her salary

8

status and because she was not the one responsible for inputting her hours on her timesheet. Furthermore, similar to *Cargill*, Neelkanth's time reports reflect Brown working 40 hours to the minute for every pay period during her term of employment. As Brown points out, a jury could reasonably conclude that a manager would not work 40 hours per week without *any* deviation from October 2019 until November 2022. Thus, there is question of fact about the accuracy of Neelkanth's records.

Since Brown alleges sufficient evidence to preclude summary judgment under the reasonable inference standard, the burden shifts back to Neelkanth to provide "evidence to negative reasonableness of the inference." *Anderson*, 328 U.S. at 686-687, 66 S. Ct 1187. Neelkanth does not provide any evidence. Instead, it argues that Brown's own testimony is insufficient and Neelkanth's documentation is the best evidence of Brown's earnings and the hours she worked. The Court finds this argument unavailing.

*Conclusion*

For reasons set forth above, Neelkanth's Motion to Strike [33] and Motion for Summary Judgment [27] are DENIED. Brown will be permitted to proceed to trial on her FLSA claim.

SO ORDERED, this the 28th day of May, 2024.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE